**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Stephens, | ) | |
| | ) | |
| Plaintiff, | ) | 15 CV 5971 |
| | ) | |
| vs. | ) | Honorable Judge John Robert Blakey |
| | ) | |
| Officer Miller, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**NOW COMES**, Defendant Officer Miller, through his attorney ANITA ALVAREZ, State's Attorney of Cook County, by her Assistant State's Attorney, Adam Miel Zebelian, and answers Plaintiff's Amended Complaint as follows:

1. This complaint challenges Thomas J. Dart in his individual capacity as the Sheriff of Cook County Jail and is liable for not responding to plaintiffs two letters sent to him in reguards to C/O Miller John Doe #1 use of unjustified force (excessive force) against plaintiff by punching him in the eye with closed fist violating plaintiff rights under the Fourteenth Amendment without due process. (sic)

ANSWER: Defendant admits that Thomas J. Dart is the Sheriff of Cook County. Answering further, Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. C/O Miller failed to right a disciplinary report or incident report, therefore leads to cruel and unusual punishment in violating of plaintiff's rights under the Eighth Amendment. (sic)

ANSWER: Defendant denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. The Sheriffs denial to respond to plaintiffs letters is unequivocally clear that he was negligent in his duties to act on brutal and sadistic acts by his subordinate deputies acting under color of law. (sic)

ANSWER: Defendant denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. On Nov. 20, 2014, I Jason V. Stephens #2014040924 was approached by C/O Miller about how many cell's were let out at one time. This C/O began to get very aggressive with his words and body language. I told C/O Miller I didn't want to talk to him anymore under such condictions as I began to fear my life was in imminent danger of physical bodily harm. (sic)

ANSWER: Defendant denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. C/O Miller then put his camera (tazer) in his pocket. I then asked what are you doing, get me a white shirt (sgt. Or L.T) C/O Miller laughed and showed me his under shirt and said "here goes your white shirt right here, and then got in my face shouting "your going to see how I take care of my units and out the clear blue he punched me in my right eye with a closed fist. (sic)

ANSWER: Defendant denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6. I bagged up away from him repeating get me a white shirt and then the sgt. came I told her what happened and requested medical assistance and she told me to lock-up and she would get me some medical attention but she was lying and did nothing about the situation. (sic)

ANSWER: Defendant denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.  I later filed a grievance and still no relief for what happened to me. Even after switching units from 3-South to 3-North where Im currently at C/O Miller sometimes works 3-North and continues to harass and make jokes about what happened on Nov. 20, 2014.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff filed a grievance. Defendant admits that he occasionally works in 3-North. Answering further, Defendant denies the remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8.  I currently still have problems with my right eye, head-aches and bright lights affects me in that Im momentarily blinded at any given time.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.  Every time I see C/O Miller I fear my life is in imminent danger of physical bodily harm. I have expressed this with several psychiatrist, the psychological impact of this situation and still nothing has been done to my knowledge.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

**AFFIRMATIVE DEFENSES**

NOW COMES, DEFENDANT Officer Stokes, through his attorney ANITA ALVAREZ, State's Attorney of Cook County, by her Assistant State's Attorney Adam Miel Zebelian, who hereby assert the following affirmative defenses.

1.  Defendant's conduct was at all times objectively reasonable and did not

violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, Defendant respectfully requests judgment in his favor and against Plaintiff, requests that plaintiff be entitled to no compensation, requests that Defendant be awarded all fees and costs incurred in defending this claim and for other such relief that this Court deems appropriate.


Date: February 5, 2016         Respectfully submitted,

                               ANITA ALVAREZ
                               State's Attorney of Cook County

                    By:    /s/ *Adam Miel Zebelian*
                           Adam Miel Zebelian
                           Assistant State's Attorney
                           50 West Washington, Suite 500
                           Chicago, IL 60602